UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LINDA SUSAN MULLENIX,<br>　*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF TEXAS AT AUSTIN,<br>　*Defendant*. | §<br>§<br>§<br>§　CASE NO. 1:19-CV-1203-LY<br>§<br>§<br>§<br>§ |

### THE UNIVERSITY OF TEXAS AT AUSTIN'S
### MOTION TO PARTIALLY DISMISS

The University of Texas School of Law[1] awards pay raises to faculty based on its Budget Committee's annual process of peer review. After hours reviewing the performance of every tenured member of the faculty, that Committee has consistently recommended smaller raises for Linda Mullenix than for some of her colleagues, female and male. Mullenix brings this suit to object to the size of her raises because she has a higher opinion of her work than her colleagues do.

---

[1] While The University of Texas at Austin is the true defendant in this action, the facts giving rise to this action originate at the School of Law. For simplicity's sake, references to the Law School encompass UT Austin as well.

TABLE OF CONTENTS

Table of Authorities ....................................................................................................... ii
Introduction ................................................................................................................... 1
Background .................................................................................................................... 2
Applicable Standards of Review ................................................................................... 3
Argument ....................................................................................................................... 4
    1.    The doctrine of sovereign immunity bars the TCHRA claims. .................... 4
    2.    The alleged retaliatory acts that occurred more than 300-days before the charge of discrimination are untimely and cannot be properly exhausted. ..................................................................................... 5
    3.    Speculation, subjective belief, and conclusory allegations aside, the Complaint fails to set out a plausible retaliation claim. ....................... 6
Conclusion ..................................................................................................................... 9
Affirmative Defenses ................................................................................................... 10
Certificate of Service ................................................................................................... 12

TABLE OF AUTHORITIES

**Cases**

*Alden* v. *Maine*,
   527 U.S. 706 (1999) .................................................................................................. 4

*Anderson* v. *Valdez*,
   845 F.3d 580 (5th Cir. 2016) ..................................................................................... 4

*Aryain* v. *Wal-Mart Stores Tex. LP*,
   534 F.3d 473 (5th Cir. 2008) ..................................................................................... 8

*Ashcroft* v. *Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ 4, 10

*Barrera-Montenegro* v. *U.S. & Drug Enf't Admin.*,
   74 F.3d 657 (5th Cir. 1996) ....................................................................................... 4

*Bell Atl. Corp.* v. *Twombly*,
   550 U.S. 544 (2007) .............................................................................................. 4, 9

*Burlington N. & Santa Fe Ry.* v. *White*,
   548 U.S. 53 (2006) ..................................................................................................... 8

*Cephus* v. *Tex. Health & Human Svcs. Comm'n*,
   146 F. Supp. 3d 818 (S.D. Tex. 2015) ...................................................................... 5

*Chapman* v. *Homco, Inc.*,
   886 F.2d 75 (5th Cir. 1989) ....................................................................................... 6

*Connelly* v. *Tex. Dep't of Criminal Justice*,
   No. H-03-1581, 2005 WL 6439531 (S.D. Tex. Mar. 22, 2005) ................................ 6

*Doe* v. *McKesson*,
   945 F.3d 818 (5th Cir. 2019) ..................................................................................... 9

*Eberle* v. *Gonzales*,
   240 F. App'x 622 (5th Cir. 2007) .............................................................................. 6

*Edelman* v. *Jordan*,
   415 U.S. 651 (1974) .................................................................................................. 4

*Edionwe* v. *Bailey*,
   860 F.3d 287 (5th Cir. 2017) ................................................................................... 10

*Fabela* v. *Socorro Indep. Sch. Dist.*,
   329 F.3d 409 (5th Cir. 2003) ..................................................................................... 7

*Holloway* v. *Dept' of Veterans Affairs*,
   309 F. App'x 816 (5th Cir. 2009) .............................................................................. 9

*King* v. *La.*,
   294 F. App'x. 77 (5th Cir. 2008) ............................................................................... 8

Case 1:19-cv-01203-LY   Document 14   Filed 02/14/20   Page 4 of 17

*King* v. *Tex. Dep't of Human Svcs., et rel. Bost*,
    28 S.W.3d 27 (Tex. App.—Austin 2000, no pet.) ...................................................... 5

*MDPhysicians & Assoc., Inc.* v. *State Bd. of In*s.,
    957 F.2d 178 (5th Cir. 1992) ...................................................................................... 3

*Merrill* v. *S. Methodist Univ.*,
    806 F.2d 600 (5th Cir. 1986) ...................................................................................... 6

*Muniz* v. *El Paso Marriott*,
    773 F. Supp. 2d 674 (W.D. Tex. 2011) ...................................................................... 9

*Pennhurst State Sch. & Hosp.* v. *Halderman*,
    465 U.S. 89 (1984) ................................................................................................ 4, 5

*Perez* v. *Region 20 Educ. Svc. Ctr.*,
    307 F.3d 318 (5th Cir. 2002) ...................................................................................... 5

*Rosas* v. *Univ. of Tex. at San Antonio*,
    No. SA-18-CV-0536-DAE, 2018 WL 4839110 (W.D. Tex. Oct. 4, 2018) ................. 5

*Saenz* v. *Univ. Interscholastic League*,
    487 F.2d 1026 (5th Cir. 1973) .................................................................................... 5

*Sample* v. *Morrison*,
    406 F.3d 310 (5th Cir. 2005) ...................................................................................... 3

*Sissom* v. *Univ. of Tex. High Sch.*,
    927 F.3d 343 (5th Cir. 2019) ...................................................................................... 5

*Smith* v. *Xerox Corp.*,
    602 F.3d 320 (5th Cir. 2010) ...................................................................................... 7

*Sosa* v. *Guardian Indus. Prods.*,
    No. H-06-1614, 2007 WL 1300463 (S.D. Tex. May 3, 2007) ................................... 6

*Stadtner* v. *Univ. of Tex. Sys.*,
    43 F. 3d 670 (5th Cir. 1994) ...................................................................................... 5

*Stewart* v. *Miss. Transp. Comm'n*,
    586 F.3d 321 (5th Cir. 2009) ...................................................................................... 8

*Sullivan* v. *Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*,
    217 F. App'x 391 (5th Cir. 2007) ............................................................................... 5

*Taylor* v. *Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ...................................................................................... 6

*U.S. Oil Recovery Site Potentially Responsible Parties Grp.* v. *R.R.
    Comm'n of Tex.*,
    898 F.3d 497 (5th Cir. 2018) ...................................................................................... 5

**Statutes**
TEX. LABOR CODE ANN. § 21.002(8)(D) ......................................................................... 5

**Other Authorities**
5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
    FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed. 2019) ..................................... 11
**Rules**
Fed. R. Civ. P. 12(b)(1) ................................................................................................ 3
Fed. R. Civ. P. 12(b)(6) ................................................................................................ 4

**INTRODUCTION**

The Law School's judgments about Mullenix's recent performance and compensation are professional, appropriate, and made through fair and sound procedures. Through its evaluation-by-committee process, high performing faculty of both genders have historically received considerable raises. Mullenix even affirmatively pleads that at least eight female professors received larger raises than the male professors that she takes aim at in this case—raises that put many of these women into the upper tier of compensation.

If this is how salary decisions are made, why are those decisions being challenged? Mullenix simply finds it incredible and unacceptable that she has received smaller raises than some colleagues to whom she feels she is equivalent or superior in ability. She therefore infers that there must be an invidious explanation.

Several of Mullenix's claims fail at the pleading stage. This motion seeks their dismissal.

First, this Court lacks subject matter jurisdiction over state-law claims under the Texas Commission on Human Rights Act (TCHRA) because sovereign immunity bars such claims in federal court.

Second, Mullenix is attempting to recover under Title VII for retaliation that allegedly occurred as far back as 2012. However, all acts that allegedly occurred before May 11, 2018 are untimely because they fall outside the 300-day window preceding her charge of discrimination. This Court should dismiss these belated claims and issue an order making it clear that she cannot recover for any claim that accrued prior to this date.

1

Finally, the Complaint fails to set out a plausible retaliation claim. In several instances, it fails to allege acts rising to the level of a materially adverse employment action. In others, it fails to sufficiently set out facts demonstrating causation.

The University of Texas at Austin now respectfully asks this Court to dismiss all the TCHRA claims, any untimely Title VII claims, and the retaliation claim.

## BACKGROUND

Mullenix claims that in 2010 she first learned that some of her male colleagues made more money than her.[2] Armed with this information and using the threat of litigation, she extracted a $20,000 raise; $10,000 in attorney's fees; and a $250,000 "forgivable" loan from the Law School.[3] This loan was "forgivable" because she was not required to pay it back.[4] In exchange for this package, she released all her claims based on the pay differences existing at that time.[5]

In 2016, Mullenix, again dissatisfied with her pay, went back to the same playbook.[6] This time she got $16,000.[7] And, again, knowing that this extra money would not make her salary on par with her purported comparator's salary, she agreed to her then-adjusted salary and released all her claims related to the existing salary structure.[8]

---

[2] *See* Plaintiff's Original Complaint & Jury Demand (hereinafter "Complaint") at ¶¶ 25-31.
[3] *Id*. at ¶¶ 35-36.
[4] *Id*. at ¶ 35.
[5] *Id*. at ¶¶ 35-36.
[6] *Id*. at ¶¶ 43-44.
[7] *Id.*
[8] *Id*. at ¶ 45.

2

Despite this second release, Mullenix commenced this lawsuit.[9] She fixates on the same comparator and compares the raises they each received during the period of 2017-2019.[10] She not only seeks to recover the difference in raises, but she also wants to recover based on the underlying difference in salaries that existed when she released her claims in 2016.[11]

She does not stop there. She then tries to scrape together stray comments and other examples of her hurt feelings in the hopes of cobbling together a retaliation claim.[12] She also alleges that giving other female professors larger raises than her purported comparator somehow equates to retaliation and gender discrimination against her.[13]

## APPLICABLE STANDARDS OF REVIEW

Sovereign immunity concerns whether the court has subject-matter jurisdiction to hear a dispute.[14] A party may move to dismiss a claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In deciding such a motion, a court is free to weigh the evidence to ensure that it has power over the case.[15] A court may rely on: the complaint alone; the complaint supplemented by undisputed facts in the record; or the complaint supplemented by undisputed facts in addition to the court's resolution of disputed facts.[16]

---

[9] *See generally id.* at ¶¶ 1-154.
[10] *See generally* id. at ¶¶ 47-122.
[11] *Id.* at ¶ 67.
[12] *See generally id.* at ¶¶ 102-108.
[13] *Id.* at 117.
[14] *See Sample* v. *Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).
[15] *MDPhysicians & Assoc., Inc.* v. *State Bd. of I*ns., 957 F.2d 178, 181 (5th Cir. 1992).
[16] *Barrera-Montenegro* v. *U.S. & Drug Enf't Admin.*, 74 F.3d 657, 659 (5th Cir. 1996).

3

The remaining arguments are analyzed under Fed. R. Civ. P. 12(b)(6).[17] Such a motion hinges on whether the plaintiff pled a "plausible" (as opposed to just a "possible") claim for relief—i.e., whether the plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] If "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[19]

## ARGUMENT

**1. The doctrine of sovereign immunity bars the TCHRA claims.**

It is well-established that absent a waiver, sovereign immunity[20] and the Eleventh Amendment bar a federal lawsuit against a state agency regardless of the relief sought.[21] This immunity is a general bar to suit in federal court against a state government by that state's own citizens, by citizens of another state, or by citizens of a foreign state, and bars both federal and pendent state claims.[22] Here, the Law School, which is within UT Austin, is "inarguably" a state agency entitled to sovereign immunity.[23] And the Legislature has not waived sovereign immunity for TCHRA

---

[17] *See Anderson* v. *Valdez*, 845 F.3d 580, 589 (5th Cir. 2016).
[18] *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Id.* (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 557 (2007)) (quotations omitted).
[20] While some refer to sovereign immunity as "Eleventh Amendment immunity," that expression is a misnomer because sovereign immunity "neither derives from nor is limited by the terms of the Eleventh Amendment." *Alden* v. *Maine*, 527 U.S. 706, 713 (1999). The use of "sovereign immunity" herein is meant to encompass both the historical principle of sovereign immunity and any further immunity created by the Eleventh Amendment.
[21] *Pennhurst State Sch. & Hosp.* v. *Halderman*, 465 U.S. 89, 121 (1984); *Edelman* v. *Jordan*, 415 U.S. 651, 663 (1974).
[22] *Pennhurst*. 465 U.S. at 120.
[23] *See, e.g., U.S. Oil Recovery Site Potentially Responsible Parties Grp.* v. *R.R. Comm'n of Tex.*, 898 F.3d 497 (5th Cir. 2018) (holding that The University of Texas System, of which UT Austin is a part, is entitled to sovereign immunity as an arm of the State); *Sissom* v. *Univ. of Tex. High Sch.*, 927

claims to be brought in federal court against the Law School or any other state agency for that matter.[24] Thus, Mullenix's TCHRA claims are barred and subject-matter jurisdiction is absent. The Court should therefore dismiss the TCHRA claims pursuant to Rule 12(b)(1).

### 2. The alleged retaliatory acts that occurred more than 300-days before the charge of discrimination are untimely and cannot be properly exhausted.

Next, Mullenix, like all other plaintiffs asserting a Title VII claim, must exhaust her administrative remedies before pursuing these claims in federal court.[25] This exhaustion requirement was met for some of her claims when she filed her charge of discrimination with the EEOC on March 7, 2019 and received a notice of right to sue thereafter.[26] However, in a deferral state such as Texas, she had to file this charge within 300 days from the date of the occurrence of the act that supports

---

F.3d 343, 345 (5th Cir. 2019) (per curiam) ("[UT Austin] is "inarguably a state agency," that is entitled to sovereign immunity")(internal citations omitted); *Sullivan* v. *Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 F. App'x 391, 392 (5th Cir. 2007) ("It is undisputed that [University of Texas Health Science Center], as an arm of the state, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver"); *Stadtner* v. *Univ. of Tex. Sys.*, 43 F. 3d 670, 670 (5th Cir. 1994) (per curiam) ("[T]he named defendants in their official capacities were also properly dismissed under the doctrine of sovereign immunity"); *Saenz* v. *Univ. Interscholastic League*, 487 F.2d 1026, 1027 (5th Cir. 1973) (finding a division of UT Austin protected by immunity since UT Austin is inarguably a state agency); *Rosas* v. *Univ. of Tex. at San Antonio*, No. SA-18-CV-0536-DAE, 2018 WL 4839110, at *2 (W.D. Tex. Oct. 4, 2018) ("Under Texas law, state universities are agencies of the State of Texas and enjoy sovereign immunity").

[24] *King* v. *Tex. Dep't of Human Svcs., et rel. Bost*, 28 S.W.3d 27, 30 (Tex. App.—Austin 2000, no pet.); TEX. LABOR CODE ANN. § 21.002(8)(D) (defining "employer" to include state agencies is an express waiver of sovereign immunity); *Cephus* v. *Tex. Health & Human Svcs. Comm'n*, 146 F. Supp. 3d 818, 819 (S.D. Tex. 2015) (citing *Perez* v. *Region 20 Educ. Svc. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002)); *see also, e.g., Connelly* v. *Tex. Dep't of Criminal Justice*, No. H-03-1581, 2005 WL 6439531, at *2-3 (S.D. Tex. Mar. 22, 2005) (slip copy) (dismissing claim against state agency under TCHRA because there is no waiver of sovereign immunity for these claims to be brought in federal court).

[25] *Taylor* v. *Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).
[26] *Id*.

5

her claim.[27] And this 300-day lookback period applies not only to purported employment discrimination acts, but also to retaliation acts.[28]

Here the applicable cutoff is May 11, 2018—300 days prior to her March 7, 2019 charge. However, the Complaint includes alleged retaliatory acts that fall outside this window. For instance, she claims that in 2012, Dean Farnsworth made comments about her. These alleged statements occurred seven years prior to the charge and are without a doubt untimely.

What's more, Mullenix now alleges a laundry list of purported retaliatory acts, but she omits the dates they allegedly occurred.[29] Her Complaint, however, includes a heading that states that these acts have occurred "since December 2016."[30] Considering that she has tactically chosen not to allege the information necessary to determine if her claims are timely, this Court should issue an order making it clear that she cannot recover for anything that occurred prior to May 11, 2018.

### 3. Speculation, subjective belief, and conclusory allegations aside, the Complaint fails to set out a plausible retaliation claim.

To state a retaliation claim, Mullenix must allege facts showing: (1) that she engaged in protected activity; (2) she suffered an adverse employment action; and (3)

---

[27] *Sosa* v. *Guardian Indus. Prods.*, No. H-06-1614, 2007 WL 1300463, at *2 (S.D. Tex. May 3, 2007) (citing *Chapman* v. *Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989); *Merrill* v. *S. Methodist Univ.*, 806 F.2d 600, 604-05 (5th Cir. 1986)).
[28] *See Eberle* v. *Gonzales*, 240 F. App'x 622, 626 (5th Cir. 2007) (per curiam) (requiring employee to exhaust his administrative remedies before raising retaliation claim under ADEA, where alleged retaliation occurred before employee filed discrimination charge with EEOC).
[29] *See* Complaint at ¶ 108.
[30] *Id.* at heading H.

6

that but-for causation exists between the protected activity and the adverse employment action.[31]

Mullenix has indeed alleged that she engaged in protected activity when she filed her March 7, 2019 charge. She further generally claims that because she filed this charge, she suffered the following:

- She was ostracized and called poison;

- Dean Farnsworth offered to make her the highest paid employee if she would agree to retire in two years;

- She did not receive a teaching award;

- She was allegedly placed on what she regarded as "do nothing" committees; and

- She was paid less than her peers.

Yet these allegations do not support a plausible claim for several reasons.

First, to be actionable, the act in question must be of the type that "a reasonable employee would have found . . . materially adverse, which, in this context, means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[32] Stray comments and the employee's own perception of feeling ostracized, do not "[a]s a matter of law . . . rise to the level of material adversity but instead fall into the category of petty slights, minor annoyances, and simple lack of good manners that the Supreme Court has recognized are not actionable retaliatory conduct."[33]

---

[31] *Fabela* v. *Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003), *overruled on other grounds Smith* v. *Xerox Corp.*, 602 F.3d 320, 338 (5th Cir. 2010).

[32] *Burlington N. & Santa Fe Ry.* v. *White*, 548 U.S. 53, 68 (2006) (quotation omitted).

[33] *Stewart* v. *Miss. Transp. Comm'n*, 586 F.3d 321, 331-32 (5th Cir. 2009) (quotation omitted); *Aryain* v. *Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484-85 (5th Cir. 2008) (allegations of being treated

7

Furthermore, Dean Farnsworth offering her a pay increase in exchange for her eventual retirement is likewise insufficient. No reasonable person would view being offered nearly $400,000 a year for two years as materially adverse. Mentioning retirement does not transform this settlement discussion into a materially adverse act. Courts have held that much more egregious statements, even those about "getting rid" of an employee because they were "creating problems," fall short.[34] Nothing here even comes close to that.

Next, Mullenix fails to plead facts that could plausibly give rise to a causal connection between her March 7, 2019 charge and the allegedly retaliatory acts of her not winning a teaching award, getting assigned to committees that she subjectively thinks are not good enough, and receiving lower raises than other employees. While this Court must accept well-pleaded facts as true and view them in the light most favorable to her, "a legal conclusion couched as a factual allegation" need not be accepted as true.[35] "Gauzy allegations that offer only 'labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement' do not suffice" under the 12(b)(6) plausibility standard.[36]

---

poorly and rudely are not enough as a matter of law to state a retaliation claim); *King* v. *La.*, 294 F. App'x. 77, 85 (5th Cir. 2008) ("allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute adverse employment actions" for retaliation claims); *Muniz* v. *El Paso Marriott*, 773 F. Supp. 2d 674, 682 (W.D. Tex. 2011) (ostracism by fellow employees is not a materially adverse employment action that constitutes retaliation).

[34] *See, e.g.*, *Holloway* v. *Dept' of Veterans Affairs*, 309 F. App'x 816, 819 (5th Cir. 2009) (per curiam) (listing examples of workplace encounters that do not rise to the level of a materially adverse action).

[35] *Twombly*, 550 U.S. at 555.

[36] *Doe* v. *McKesson*, 945 F.3d 818, 841 (5th Cir. 2019) (Willett, J., concurring in part, dissenting in part) (citing *Edionwe* v. *Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).

Take for instance the claim that she was "retaliated against" by not getting a teaching award.[37] She fails to plead even the most basic aspect of causation—that the teaching award occurred after she filed her charge. She also fails to plead who made the decision. Nor does she plead whether the decision-maker even knew she had previously complained. Was she even qualified for this award? What beyond her subjective belief makes her think that this was done in retaliation?

The same questions plague her committee placements and the decisions to pay others more. Instead of pleading facts to connect the causal dots between these actions and her charge, Mullenix relies on threadbare recitals and legal conclusions—leaving this Court to guess if it is plausible that these acts were connected to protected activity. While pleading standards are not high, she must at least lay out enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[38] Because her Complaint is devoid of well-pleaded factual allegations on causation, it falls short of plausibility and therefore fails to set out a cognizable claim for relief.

## CONCLUSION

For all the reasons stated above, The University of Texas at Austin respectfully requests this Court dismiss the TCHRA claims for lack of subject-matter jurisdiction, any untimely Title VII claims, and the Title VII retaliation claims for failure to state a claim.

---

[37] *See* Complaint at ¶ 108.
[38] *Iqbal*, 556 U.S. at 678.

9

**AFFIRMATIVE DEFENSES**

While the filing of a motion to partially dismiss suspends the time for filing an answer and while they are not the crux of this Motion,[39] The University of Texas at Austin, in an abundance of caution, asserts the following defenses herein to ensure they are preserved moving forward:

- Mullenix has released all or part of her claims;

- The business decisions made related to Mullenix were unrelated to gender and would have occurred regardless of any alleged protected activity;

- Pay decisions at the Law School are made pursuant to a system based on merit and quality of performance, not gender or any other impermissible basis; and

- Mullenix has failed to properly exhaust her administrative remedies.

The University of Texas at Austin reserves the right to amend or supplement these affirmative defenses as this case proceeds.

---

[39] *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 n.18 (3d ed. 2019).

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division


*/s/ Adam Arthur Biggs*
ADAM ARTHUR BIGGS
Special Litigation Counsel
Texas Bar No. 24077727
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
adam.biggs@oag.texas.gov

***Counsel for Defendant***
***The University of Texas at Austin***

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, Austin Division, on February 14, 2020 to the following.

Colin Walsh
Jairo Castellanos
WILEY WALSH P.C.
1011 San Jacinto Blvd., Suite 401
Austin, Texas 78701

***Counsel for Plaintiff***

                                          */s/ Adam Arthur Biggs*
                                          ADAM ARTHUR BIGGS
                                          Special Litigation Counsel