IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINDA SUSAN MULLENIX, | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil No. 1:19-cv-1203-LY |
| -v- | § | |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
| | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO PARTIALLY DISMISS

Since 2016, Professor Mullenix has received $134,449 less than a male colleague teaching the same class she does with the same above-average student evaluations, but nearly a decade less teaching experience, fewer publications, and fewer professional honors than her. Doc. 1 at 14-15. In exacting detail, Professor Mullenix's complaint goes through how the Budget Committee allegedly determines faculty salaries and compares those factors for herself to more highly paid male colleagues. *See* Doc. 1 at 9-18. The result shows Professor Mullenix is at least equal to her male colleagues, but still receives less pay. That is sex discrimination.

Defendant's Partial Motion to Dismiss must be denied because it mischaracterizes the law, asks the Court to dismiss based on an affirmative defense the Defendant has yet to prove, and invites this Court to commit reversible error by applying an impermissible evidentiary standard to Professor Mullenix's complaint.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................2

ARGUMENT .......................................................................................................................4

    I.    Defendant's motion to dismiss based on failure to exhaust is conclusory and inaccurately contends that Mullenix has to disprove the Defendant's affirmative defense.................................................................................................4

    II.   Defendant's motion to dismiss the Title VII retaliation claims invites this Court to commit error by applying an improper standard. ...............................6

        A.  Professor Mullenix's complaint plausibly alleges materially adverse actions for purposes of her retaliation claims.........................................................7

        B.  Professor Mullenix's complaint plausibly alleges that she was retaliated against for reporting unequal pay violations...............................................10

    III. The condescending, sexist tone of Defendant's motion to dismiss epitomizes why Professor Mullenix's lawsuit is necessary..................................................13

CONCLUSION..................................................................................................................15

CERTIFICATE OF SERVICE...............................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ......................................................................................................7

*Cicalese v. Univ. of Texas Medical Branch*,
   924 F.3d 762 (5th Cir. 2019) ..........................................................................6, 7, 10, 13

*Crawford v. Metro. Gov't of Nashville & Davidson Cty.*,
   555 U.S. 271 (2009) ..................................................................................................11

*Dillon v. Rogers*,
   596 F.3d 260 (5th Cir. 2010) .........................................................................................4

*Halliburton, Inc. v. Admin. Rev. Bd.*,
   771 F.3d 254 (5th Cir. 2014) ............................................................................................ 9

*In re Katrina Canal Breaches*,
   495 F.3d 191 (5th Cir. 2009) ............................................................................................ 8

*Ion v. Chevron*,
   731 F.3d 379 (5th Cir. 2013) .......................................................................................... 12

*Kelly v. Nichamoff*,
   868 F.3d 371 (5th Cir. 2017) ............................................................................................ 4

*Machinchick v. PB Power, Inc.*,
   398 F.3d 345 (5th Cir. 2005) .......................................................................................... 13

*McCoy v. City of Shreveport*,
   492 F.3d 551 (5th Cir. 2007) ............................................................................................ 9

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002) .......................................................................................................... 5

*Niemietz v. City of Converse*,
   No. SA-17-CV-401-XR, 2017 WL 6265089 (W.D. Tex. Dec. 12, 2017) .................... 10

*Piper Jaffray & Co. v. Omni Surgical, LLC*,
   No. A-14-CV-814-LY, 2015 WL 3687946 (W.D. Tex. June 12, 2015)........................ 7

*Reeves v. Sanderson Plumbing Products, Inc.*,
   530 U.S. 133 (2000) ........................................................................................................ 12

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) .......................................................................................................... 6

*Zipes v. Trans World Airlines, Inc.*,
   455 U.S. 385 (1982) .......................................................................................................... 5

**Statutes**

29 U.S.C. § 255 ....................................................................................................................... 5

42 U.S.C. § 2000e-5 ................................................................................................................ 9

# ARGUMENT

## I. Defendant's motion to dismiss based on failure to exhaust is conclusory and inaccurately contends that Mullenix has to disprove the Defendant's affirmative defense.

It is unclear which claims Defendant is asking this Court to dismiss based on a failure to exhaust because its motion does not state which claims have not been exhausted. Rather, it appears Defendant seeks a general order declaring that *anything* prior to May 11, 2018 is not actionable. *See* Doc. 14 at 11. If that is what Defendant seeks, then its motion must be denied for at least three reasons.

First, failure to exhaust is an affirmative defense that Defendant has the burden of proof on. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) ("[E]xhaustion is an affirmative defense . . . . Consequently, [a Defendant] must establish beyond peradventure all of the essential elements of the defense of exhaustion . . . ."). Thus, a motion to dismiss cannot be granted on an affirmative defense unless Defendant shows that the defense is proven beyond all doubt on the face of the complaint. *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017) ("Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint.").

Here, despite Defendant's conclusory statement that the retaliatory acts are time-barred, Defendant has not actually alleged that *any* of the specific acts for which Professor Mullenix seeks recovery are time-barred. The closest Defendant comes to actually addressing Professor Mullenix's specific allegations is to say that she mentions comments from Dean Farnsworth in 2012. Doc. 14 at 11 ("For instance, she

claims that in 2012, Dean Farnsworth made comments about her."). Defendant does not allege that Professor Mullenix is asserting those comments as an independent actionable adverse action. Nor does Professor Mullenix's complaint say she is. Simply mentioning background facts or even prior actionable discrimination or retaliation does not render a current claim untimely. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim."). Since Defendant has not pointed out where the defense is proven beyond doubt on the face of the complaint, its motion on this issue must be denied.

Second, a general preventive order such as that sought by Defendant is especially inappropriate because limitations is not jurisdictional, but subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). In other words, Defendant is required to point out what actions it thinks have not been exhausted or it waives that claim. This Court may not do Defendant's job for it by simply declaring that everything before May 11, 2018 is not actionable when Defendant cannot even specify which actions before May 11, 2018 it believes are not actionable.

Third, and most importantly, none of the retaliatory acts listed in the complaint are time-barred or even need to be exhausted because of Professor Mullenix's Equal Pay Act claims. Those claims include both unequal pay claims and retaliation claims. *See* Doc. 1 at 24-25. Further, those claims have a two to three-year statute of limitations and no exhaustion requirement. *See* 29 U.S.C. § 255(a).

Therefore, the May 11, 2018 deadline is wrong. Retaliatory acts going back to December, 2016 are all potentially actionable.

Defendant's partial motion to dismiss must be denied.

## II. Defendant's motion to dismiss the Title VII retaliation claims invites this Court to commit error by applying an improper standard.

Defendant's motion erroneously tells this Court that Professor Mullenix must make out a prima facie case of retaliation at the pleading stage. Doc. 14 at 11. That is wrong.

Under U.S. Supreme Court precedent, a plaintiff need not make out a prima facie case of Title VII retaliation in her complaint. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002) ("the prima facie case . . . is an evidentiary standard, not a pleading requirement."). In fact, the Fifth Circuit just reiterated last year that "a court errs by requiring a plaintiff to plead something more than the ultimate elements of a claim." *Cicalese v. Univ. of Texas Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). In *Cicalese*, the Fifth Circuit held that a court should not subject allegations to a "rigorous factual or evidentiary analysis under the McDonnell Douglass framework in response to a motion to dismiss. Such inquiries are better suited to summary judgment." *Id.* (citations omitted). The Fifth Circuit then held that it was reversible error to evaluate whether or not certain employees were similarly situated or whether certain remarks were "stray remarks." *Id.* at 768. Instead, it held that a complaint need only allege facially plausible facts to defeat a 12(b)(6) motion. *Id.* at 767-68.

Here, Professor Mullenix's 28-page complaint easily meets that low bar.

---

### A. Professor Mullenix's complaint plausibly alleges materially adverse actions for purposes of her retaliation claims.

Not only does Defendant's motion urge the Court to use an improper pleading standard, its factual analysis regarding what constitutes materially adverse actions for purposes of retaliation claims is inappropriate at the motion to dismiss stage and contradicted by Fifth Circuit case law.

First, as Defendant correctly notes, a materially adverse action is simply something that "would likely have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). What constitutes a materially adverse action is a highly fact specific inquiry that depends on the specific context of each case. *Id.* at 69 ("[T]he significance of any given act of retaliation will often depend upon the particular circumstances. Context matters."). For example, the Supreme Court said that something as small as not being invited to lunch or a schedule change may be materially adverse given the facts of a particular case. *Id.* As such, what constitutes a materially adverse action is often a fact issue that is not a proper ground for dismissal under 12(b)(6) motions. *See Cicalese*, 924 F.3d at 768 (holding that scrutinizing factual allegations is "more suited to the summary judgment phase."); *see also Piper Jaffray & Co. v. Omni Surgical, LLC*, No. A-14-CV-814-LY, 2015 WL 3687946, at *6 (W.D. Tex. June 12, 2015) (stating that factual arguments are not a proper ground for dismissal under 12(b)(6)).

However, even with that caveat, the case law clearly supports each adverse action Defendant takes issue with in the complaint. Here, Defendant erroneously claims that the following are not materially adverse:

1. Professor Mullenix being called poison and difficult due to her prior reports of unequal pay as well as being held out by the administration as an example of what happens when someone reports unlawful activity. Doc. 1 at 20.

2. Dean Farnsworth telling Professor Mullenix that the only way she will receive equal pay is if she retires many years before she wants to. *Id.* at 19

3. Professor Mullenix never receiving any teaching awards, which carry additional compensation. *See* Doc. 1 at 20; see also Doc. 1 at 16 (noting that the Massey teaching award comes with $50,000).

4. Being placed on "do nothing" committees despite requests to be on more prestigious committees. Doc. 1 at 19-20.

5. Being paid less than her peers. Doc. 1 at 12.[1]

Regarding items one, three and four, the Fifth Circuit has held that "like other courts that have addressed similar situations . . . creating an environment of ostracism[] well might dissuade a reasonable employee" from engaging in protected

---

[1] Defendant's motion rewords in an inaccurate or misleading way these adverse actions. *See* Doc. 14 at 7. Defendant's attempted reformulation of Professor Mullenix's allegations must be ignored since all allegations as worded in the complaint must be taken as true and construed liberally. *In re Katrina Canal Breaches*, 495 F.3d 191, 205 (5th Cir. 2009).

activity. *Halliburton, Inc. v. Admin. Rev. Bd.,* 771 F.3d 254, 262 (5th Cir. 2014) (collecting cases). Here, according to the complaint, new faculty at UT Law are told not to interact with Professor Mullenix because she is considered poison due to her prior complaints. Doc. 1 at 20. The complaint further alleges that she is ostracized and retaliated against because, even though she is one of the most accomplished and long serving professors at UT Law, she has never received any teaching awards and is put on "do-nothing" committees because of her unequal pay complaints. Doc. 1 at 20. The complaint further alleges that the UT Law administration does this in order to use Professor Mullenix as an example to dissuade other law professors from coming forward with their own reports of unlawful conduct at the school. Doc. 1 at 20. Under *Halliburton*, that public environment of ostracism might well dissuade other law professors from coming forward with a report of unlawful behavior. *See Halliburton, Inc.,* 771 F.3d at 262. At the very least, then, discovery is necessary to determine whether or not those actions are materially adverse in this context. Defendant's motion must be denied.

Items two, three, and five all explicitly involve compensation. The Fifth Circuit has held that decisions affecting compensation are adverse employment actions because "adverse employment actions include . . . hiring, granting leave, discharging, promoting, or *compensating*." *See, e.g., McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (quotations omitted) (emphasis added). Indeed, under the Lily Ledbetter Act, every single paycheck constitutes a new adverse action for purposes of Title VII. *See* 42 U.S.C. § 2000e-5(e)(3)(A). Therefore, any action affecting the terms,

amount, or provision of compensation are at least facially plausible materially adverse actions.

Moreover, Dean Farnsworth's express statement that he is withholding Professor Mullenix's federal right to equal pay unless she agrees to quit her job is direct evidence of retaliation. Whether or not a remark is direct evidence of retaliation is a matter for summary judgment, not a motion to dismiss. *Cicalese*, 924 F.3d at 768. Based on the facts in the complaint, had the Professor not reported that she was being paid unequally, Dean Farnsworth would not be telling her to retire. Further, being forced to retire, as Dean Farnsworth was attempting to have Professor Mullenix do, in order to escape discrimination and retaliation from Dean Farnsworth is also an actionable adverse action. *See Niemietz v. City of Converse*, No. SA-17-CV-401-XR, 2017 WL 6265089, at *5 (W.D. Tex. Dec. 12, 2017). Finally, Defendant's contention that because Dean Farnsworth offered her money, forcing her to retire early cannot be an adverse action, is perverse. As the complaint alleges, Dean Farnsworth was using UT Law's failure to pay Professor Mullenix equally as required by law as leverage to force her out of her job.

Because prior Fifth Circuit precedent upheld similar adverse actions to those pleaded in Professor Mullenix's complaint, dismissal at this stage is inappropriate. Defendant's motion must be denied.

**B. Professor Mullenix's complaint plausibly alleges that she was retaliated against for reporting unequal pay violations.**

Defendant's vague and conclusory argument that the complaint is "devoid of well-pleaded factual allegations on causation" is without merit.

First, Defendant's motion seems to believe that only an EEOC charge can be protected activity under Title VII or the Equal Pay Act. That is incorrect. Any complaint of unequal pay, whether formal or informal, is protected under both acts. *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276 (2009) ("When an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity."). Therefore, not only is Professor Mullenix's charge of discrimination protected activity, but so are all of her prior reports of unequal pay and settlements of those claims going back to 2010. Doc. 1 at 7. That means that everything in the complaint that occurred since December 2016 post-dated at least some of Professor Mullenix's protected activity. Defendant's argument otherwise is simply wrong.

Second, Defendant deliberately ignores all of the facts connecting Professor Mullenix's treatment to her reports of unequal pay. The following facts show plausible causal connections between protected activity and materially adverse action:

- In December 2016, Professor Mullenix signed a settlement agreement releasing her Equal Pay Act claims. Doc. 1 at ¶44. The very next year, she received the lowest pay raise of any faculty member, didn't receive any teaching awards or prestigious committee placements. *Id.* at ¶75. The year after that, she received one of the lowest raises. Id. at ¶77. Dean Farnsworth told another law professor that if Mullenix thinks she

will sue UT Law, then "bring em on." *Id.* at ¶104. Dean Farnsworth has also described Professor Mullenix as a difficult woman. *Id.* at ¶108. Combining these facts together, it is plausible Dean Farnsworth retaliated against Professor Mullenix.

- On October 12, 2018, Dean Farnsworth directly told Professor Mullenix he will not pay her on par with Bob Bone unless she retires in two years. Doc. 1 at ¶ 105. If that allegation is true, Dean Farnsworth's own words directly connect the adverse action of premature retirement to Professor Mullenix's protected activity. *See Ion v. Chevron*, 731 F.3d 379, 391-92 (5th Cir. 2013).

- According to the complaint, new faculty are told not to interact with Professor Mullenix because of her prior complaints. Doc. 1 at ¶108. Professor Mullenix's isolation is then held out by UT Law as an example to discourage others from complaining. *Id.* The causal link between the environment of ostracism and Professor Mullenix's protected activity is embedded in facts alleged.

There are even more facts in the complaint showing that Professor Mullenix's protected activity played a role in her treatment. For example, falsity of an employer's explanation for an adverse action allows the inference of unlawful retaliation. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000) ("[T]he trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose."). Here, the

complaint explains how the Defendant's explanation for why she was not paid as much as Professor Bone is actually false. Doc. 1 at ¶111 (stating that contrary to Dean Farnsworth's contetnions to a federal agency, each member of the budget committee denied recommending that Professor Mullenix receive the lowest raise).

Additionally, an employer's deviation from standard procedures allows an inference of retaliation. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 354 n.29 (5th Cir. 2005) (holding that an inference of pretext existed where the evidence showed that the defendant failed to follow its own internal procedures regarding discipline). According to the Budget Committee, scholarship, teaching, and service to the law are the factors that determine salary. Doc. 1 at ¶ 50. If those standards were applied to Professor Mullenix, then she would be paid equally to Professor Bone—yet she is not. *Id.* at ¶¶68-80. As such, that raises an inference of retaliation.

Because the complaint pleads the ultimate elements of a retaliation claim, Defendant's motion must be denied. *See Cicalese*, 924 F.3d at 767.

### III. The condescending, sexist tone of Defendant's motion to dismiss epitomizes why Professor Mullenix's lawsuit is necessary.

Instead of fixing the above pay gap and stopping the retaliation, Defendant's all-male legal team mischaracterizes Professor Mullenix's complaint in an attempt to make her sound like a greedy, entitled woman. Defendant repeatedly uses heightened language in a misogynistic way. For example, Defendant portrays Professor Mullenix's assertion of her rights under the Equal Pay Act in 2010 as "extract[ing] a $20,000 raise; $10,000 in attorney's fees; and a $250,000 'forgivable' loan from the Law School." Doc. 14 at 7. Defendant mischaracterizes the $16,000

reimbursement of fees and costs UT Law provided to Professor Mullenix due to its own illegal acts as "extra money" Mullenix received by using a "playbook." *See id.* (citing Doc. 1 at ¶¶ 43-44). Defendant describes Professor Mullenix's continued efforts to get equal pay for equal work as "fixat[ing]" on a male professor, who is to this day still paid substantially more than her, despite having less experience, fewer publications, and fewer honors. Defendant's all-male legal team appears to be incredulous that Professor Mullenix turned down Dean Farnsworth offer to pay her money provided she retire from teaching well before she wants to. Doc. 14 at 13 ("No reasonable person would view being offered nearly $400,000 a year for two years as materially adverse."). There are numerous other examples, but suffice to say, the entire motion drips with the sexist idea that because Professor Mullenix is a highly compensated woman, she should be grateful to have this job despite the fact she is paid less than a male colleague with less experience, fewer publications, and fewer honors.

This condescending, sexist response to Professor Mullenix asserting her rights is the very reason this lawsuit had to be filed and why despite her repeated complaints of unequal pay, UT Law still refuses to pay her as much as similarly situated male colleagues. Because Defendant's motion is nothing more than unjustified condescension, sexist tropes, and erroneous legal analysis, it must be denied.

## CONCLUSION

For the forgoing reasons, Plaintiff prays this Court deny Defendant's partial motion to dismiss, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,
WILEY WALSH, P.C.

By: */s/ Colin Walsh*
Colin Walsh
Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*
Jairo Castellanos
Texas Bar No. 24089624

WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile: (512) 201-1263
colin@wileywalsh.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on February 26, 2020 I sent a true and correct copy of the foregoing to Defendant via e-filing

*/s/ Colin Walsh*
Colin Walsh