UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LINDA SUSAN MULLENIX,<br>*Plaintiff*<br><br>v.<br><br>UNIVERSITY OF TEXAS AT AUSTIN,<br>*Defendant* | §<br>§<br>§<br>§   CIVIL NO. 1-19-CV-1203-LY<br>§<br>§<br>§ |

**O R D E R**

Before the Court are Plaintiff's Motion to Compel Discovery Responses, filed December 14, 2020 (Dkt. 30); Plaintiff's Second Motion to Compel Discovery Responses, filed February 5, 2021 (Dkt. 44); Defendant's Motion for Protective Order Regarding Plaintiff's Notice of Oral Deposition of Defendant's Corporate Representative, filed March 16, 2021 (Dkt. 56); and the associated response and reply briefs. The District Court referred the motions to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

Plaintiff Linda Susan Mullenix has been a tenured law professor at The University of Texas School of Law ("UT Law") since 1991. In 2010, Plaintiff alleges that she discovered she was being paid less than comparable male faculty at UT Law. Plaintiff alleges that she "settled her Equal Pay Act claim" against UT Law in September 2011 in exchange for a $250,000 forgivable loan. Dkt. 25 ¶¶ 33-34. "Due to the illegal way UT Law structured the $250,000 payment," Plaintiff alleges that she was forced to pay tax penalties and accountant fees in 2014 or 2015. *Id.* ¶ 41. Plaintiff alleges

1

that in December 2016, UT Law agreed to pay her $16,000 to reimburse her for those fees and penalties, but required her to sign a "general release of all claims to date." *Id.* ¶ 42. Plaintiff signed the settlement agreement on December 19, 2016. *Id.* ¶ 43.

Plaintiff alleges that since December 20, 2016, "the gender pay gap between Professor Mullenix and her male comparators has grown by thousands of dollars every year." *Id.* at 12. Plaintiff alleges that she is paid less than her male counterparts because of her sex. Plaintiff further alleges that the "acts of unequal pay also constitute retaliation against Professor Mullenix for her prior equal pay act complaints and continue to the present." *Id.* ¶ 101.

On March 7, 2019, Plaintiff filed a discrimination charge with the EEOC, alleging sex discrimination, Equal Pay Act violations, and retaliation. *Id.* ¶ 140. Plaintiff received her Notice of Right to Sue on November 20, 2019. *Id.* ¶ 141. On December 12, 2019, Plaintiff filed this suit against The University of Texas at Austin ("University") for violations of the Equal Pay Act, as well as sex discrimination and retaliation under Title VII of the Civil Rights Act and the Texas Labor Code.

On February 14, 2020, the University moved to dismiss Plaintiff's state law claims for lack of subject matter jurisdiction, and the Title VII retaliation claim for failure to state a claim. Dkt. 14. Plaintiff dropped the state law claims when she filed a response to the University's motion. On May 13, 2020, the District Court granted the University's first motion to partially dismiss and dismissed Plaintiff's Title VII retaliation claim with prejudice. Dkt. 18.

On December 4, 2020, Plaintiff filed an Amended Complaint repleading the Title VII retaliation claim with additional facts. Dkt. 25. In response, the University filed a second motion to partially dismiss, moving to dismiss Plaintiff's retaliation claims under Title VII and the Equal Pay Act. Dkt. 35. On March 30, 2021, the District Court granted the motion in part for the Title

VII retaliation claim, but denied the motion in part as to the Equal Pay Act retaliation claim. Dkt. 61. The District Court reasoned that the University was precluded under Rule 12(g)(2) from seeking dismissal of Plaintiff's Equal Pay Act retaliation claim under Rule 12(b)(6) because it had not expressly sought dismissal of that claim in its first motion to dismiss. *Id.* at 3-4. The District Court noted that the University "may, however, pursue this argument through any of the avenues that Rule 12(h)(2)-(3) identifies." *Id.* at 4 n.1.[1]

On March 22, 2021, the undersigned Magistrate Judge ordered the parties to file a joint status report after the District Court ruled on the motion to dismiss explaining what discovery issues had been resolved and which were still in dispute. Dkt. 60 at 2. On April 20, 2021, the parties filed their Joint Status Report informing the Court that while they had resolved some discovery issues, the majority of their disputes had not been resolved. Dkt. 69. Accordingly, the discovery motions are ripe for resolution.

## II.  Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not

---

[1] On April 14, 2021, the University filed a Rule 12(c) motion for judgment on the pleadings, arguing once again that Plaintiff has failed to plead sufficient facts to support her Equal Pay Act retaliation claim. Dkt. 68. That motion is pending before the District Court.

3

produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

### III. Analysis

In her Amended Complaint, Plaintiff alleges that the University violated the Equal Pay Act by (1) paying her "less than her male counterparts that were working under substantially equal jobs requiring similar skills, effort, and responsibility as her position," and (2) retaliating against her for complaining of violations of the Equal Pay Act. Dkt. 25 at ¶¶ 147-48. Plaintiff also alleges that the University violated Title VII by paying her less than her male counterparts because of her sex.

As noted, the parties have resolved some of the disputed discovery issues since they filed their discovery motions. Dkt. 69. Accordingly, the Court addresses only the issues that remain in dispute.

#### A. Plaintiff's Motion to Compel (Dkt. 30)

Plaintiff asks the Court to compel the University to respond to Requests for Production ("RFP") 3, 7-10, 18-27, 31, 33, 41, 43, 46, 47, and 63-65, summarized below.

- RFP 3 states: "Please produce all notes taken by Dean Farnsworth or any member of the Budget Committee during Budget Committee meetings." Dkt. 30-1 at 3.

- RFP 7-10 asks the University to produce "all" Equal Pay Act, sex discrimination, and retaliation claims made either formally or informally against UT Law. *Id.* at 3-4.

- RFP 18-27 asks the University to "produce all documents, recordings, and communications between any UT Law Faculty member, UT Law staff member, UT Law Administration, The University of Texas Administration, and/or the Office for Inclusion and Equity regarding" Professor Mullenix's and other professors' job performances, scholarships, and salaries. *Id.* at 4-5.

- RFP 31 states: "Please produce all notes, memoranda, communications, texts, emails, documents, and tangible things relating to any benefits, perks, or special considerations given to any UT Law faculty members or their spouses/significant others since 2015." *Id.* at 6.

- RFP 33 states: "Produce all communications with the President of the University of Texas at Austin regarding UT Law faculty compensation from 2015 until the present." *Id.*

- RFP 41-47 asks the University to produce all reports and recommendations made by the Budget Committee for various faculty members "since 2015 until the present." *Id.* at 7.

- RFP 63 and 64 asks the University to produce all faculty climate survey by UT Law and the University since 2010. *Id.* at 8.

- RFP 65 states: "Please produce all documents relating to any programs, policies, or procedures designed to ensure gender equity or promote development of female faculty." *Id.*

In response to Plaintiff's requests for production, the University contends it "has produced all of the responsive, non-privileged documents from 2015 to present in response to all of those requests other than requests 7-10." Dkt. 36 at 4. The University "has produced over 37,000 pages of documents dating back to 2015," but argues that any documents before 2015 are not relevant to Plaintiff's claims due to the 2016 Settlement Agreement and the statute of limitations. Dkt. 36 at 1. Plaintiff disagrees and argues that she is entitled to discovery for the entirety of Plaintiff's

5

employment dating back to 1991, and that the University's general discovery objections are inappropriate under the Federal Rules of Civil Procedure.

### 1. "General" Objections

Plaintiff contends that the University's general discovery objections asserted in its response to the RFP are inappropriate under Federal Rule of Civil Procedure 34. Rule 34 requires that a response to an RFP "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). The party resisting discovery "must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (cleaned up). "It is well-established that parties cannot make general or boilerplate objections to discovery requests." *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-CV-00042, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020). Examples of these general objections include: "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case." *Id.*

In the introductory paragraph of the University's Response to Plaintiff's requests for production, the University made some "global objections" regarding overbreadth, privilege, and relevant timeframe. Dkt. 30-2 at 4. However, the University then raised specific objections narrowly tailored to each of the disputed discovery requests. The Court finds that the University's objections satisfy Rule 34. *See Tim Long*, 2020 WL 6559869, at *3 (finding that defendant's objections were narrowly tailored and satisfied Rule 34). Plaintiff's arguments to the contrary are without merit.

### 2. "To the Extent" Objections

Plaintiff argues that the University's responses stating it will produce documents "to the extent that such exist" or "to the extent they exist" indicate "that Defendant failed to make a reasonable inquiry into whether there were responsive documents," in violation of Rule 34. Dkt. 30 at 8. In response to a number of Plaintiff's discovery requests, the University stated: "Subject to and without waiving this objection, UT Austin will produce responsive, non-privileged, documents on a rolling basis to the extent they exist and have not already been produced in response to another Request." Dkt. 30-2 at 9. The University also noted that it would produce a privilege log at the completion of discovery, in compliance with FED. R. CIV. P. 26(b)(5).

Courts have found that "a party may properly raise and preserve an objection to production of documents in response to a specific document request or interrogatory by objecting 'to the extent' that the requests seeks privileged materials or work product, so long as the responding party also provides the information required by Rule 26(b)(5)(A)." *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014). Because the University has complied with Rule 26(b)(5), Plaintiff's argument that the University's responses stating "to the extent that such exist" or "to the extent they exist" violate Rule 34 is without merit. *Id.*

### 3. Relevant Time Frame

In response to Plaintiff's requests for production, the University produced more than 37,000 pages of documents dating to 2015, but objects to any requests seeking earlier documents as overly broad and seeking irrelevant information. The University argues that Plaintiff is not entitled to the discovery of any documents dated before 2015[2] because (1) Plaintiff's 2016 Settlement Agreement with the University bars "any claim she might have had for any incident prior to 2016," and (2) the

---

[2] The University does not explain specifically why it chose 2015 as the cutoff date.

7

two-year statute of limitations contained in 29 U.S.C. § 255(a) bars any Equal Pay Act claim accruing before December 12, 2017.[3] Dkt. 36 at 3. Plaintiff argues that she "is entitled to discovery for the entirety of Plaintiff's employment [1991 through the present] as Plaintiff expressed her concerns over the employment practices of Defendant throughout her time at the law school." Dkt. 30 at 5.

Discovery of information both before and after the liability period in a Title VII and Equal Pay Act suit may be relevant and reasonably calculated to lead to the discovery of admissible evidence. *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 3-04-CV-1059-B, 2005 WL 1017818, at *1 (N.D. Tex. Apr. 27, 2005). Courts must balance the potential relevance of such information against the burden to the employer. *Id.* Courts commonly extend the scope of discovery to a reasonable number of years both before and after such a liability period. *Id.* While the relevant time frame is case-specific, courts generally have limited the discovery period to two to five years prior to the liability period. *See Hernandez v. Clearwater Transp., Ltd.*, No. 1:18-CV-319 RP, 2021 WL 148053, at *3 (W.D. Tex. Jan. 15, 2021) (finding that a four year discovery period before the discriminatory incident was reasonable); *Bell v. Hercules Liftboat Co., L.L.C.*, 2011 WL 6140680, at *1 (M.D. La. Dec. 9, 2011) (holding that plaintiff's discovery requests were "plainly overly broad" where there was no time limitation and concluding that discovery period of three years before the discrimination was reasonable); *Beasley*, 2005 WL 1017818, at *1 (permitting two-year discovery period); *Marchese v. Sec'y, Dep't of the Interior*, No. Civ. A-03-3082, 2004 WL 2297465, at *2 (E.D. La. Oct. 12, 2004) (permitting three-year discovery period).

---

[3] The University also argues that Plaintiff's retaliation claim under Title VII is limited to May 11, 2018 to the present under the statute's exhaustion requirement. Dkt. 36 at 5. Because the District Court has dismissed Plaintiff's retaliation claim, this argument is moot.

8

Based on the foregoing, the Court finds discovery since 1991 to be overbroad. *See Rahman v. ExxonMobil Corp.*, No. CV 18-894-BAJ-RLB, 2020 WL 354320, at *4 (M.D. La. Jan. 21, 2020) (stating that "the decades of employment information sought by Plaintiff amounts to a fishing expedition"). The Court finds that a three-year period of discovery before the liability period is reasonable in this case. *See Bell*, 2011 WL 6140680, at *1; *Marchese*, 2004 WL 2297465, at *2.

Claims under Equal Pay Act must be filed within two years after the cause of action accrues, or within three years if the alleged violation was "willful." 29 U.S.C. § 255(a). Plaintiff alleges that the University willfully violated the Equal Pay Act by paying her less than her male comparators. Accordingly, the relevant liability period in this case would be three years before she filed suit, that is, December 12, 2016. Applying a three-year period of discovery to the liability period, Plaintiff is entitled to the discovery of documents from December 12, 2013 to the present.

### 4. Male Comparators

RFP 7-10 asks the University to produce "all" Equal Pay Act, sex discrimination, and retaliation claims made either formally or informally against UT Law. Dkt. 30-1 at 3-4. The University argues that what other people have complained about has no relevance to Plaintiff's Equal Pay Act claims and discrimination claims. The Court disagrees.

"The scope of discovery includes information pertaining to similarly situated employees to the extent that it is proportional to the needs of this case." *Hernandez*, 2021 WL 148053, at *3. Therefore, courts have allowed discovery of other claims of discrimination against an employer "where limited to the same form of discrimination and within a reasonable period of time before and after the discrimination occurred." *Id.*; *see also Marchese*, 2004 WL 2297465, at *2 ("It is well established that other claims of discrimination against a defendant are discoverable if limited to the (a) same form of discrimination, (b) the same department or agency where plaintiff worked,

and (c) a reasonable time before and after the discrimination complained of."). Accordingly, the Court finds that Plaintiff is entitled to the discovery sought in RFP 7-10 limited to documents dating to December 12, 2013, subject to a protective order covering private and confidential information. *See id.* (finding that allowing three years of discovery of comparators is reasonable).

### 5. Conclusion as to Plaintiff's Motion to Compel

In summary, Plaintiff's Motion to Compel Discovery (Dkt. 30) is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** the University to supplement its discovery responses to include all responsive, non-privileged documents from December 12, 2013 to 2015, subject to a protective order to protect any personal and confidential information.

### B. Plaintiff's Second Motion to Compel (Dkt. 44)

Plaintiff served its Second Requests for Production and Admission on December 23, 3020. The University objects to RFP 69-70, 80-82, and 85-86, and Requests for Admission 13, 15, 17, 19, 21, and 23.

### 1. General Objections

The University asserts the same general objections to Plaintiff's Second set of discovery requests as to Plaintiff's first set of discovery requests. The University again argues that Plaintiff is entitled to information dating only to 2015 and is not entitled to any information on comparators. As explained above, the Court finds that Plaintiff is entitled to the discovery of non-privileged documents from December 12, 2013 to the present, subject to a protective for any personal and confidential information. Accordingly, the University's general objections are overruled and the Court **ORDERS** the University to supplement its responses to RFP 70, 80-81, and 85, and to produce all non-privileged relevant documents from December 12, 2013 to the present. If the

University has produced such documents through 2015, it should identify where in the record those documents can be found.

The University also makes the following specific objections.

### 2. RFP 69

RFP 69 asks the University to "produce all complaints of gender discrimination, sex discrimination, sexual harassment, or retaliation made by any students against any tenured professors or administration, including Dean Farnsworth, since 2010." Dkt. 44-1 at 7. The University objects to this request as unduly burdensome and seeking irrelevant information. The Court agrees and finds that complaints from students are not relevant to Plaintiff's Equal Pay Act and Title VII claims. Accordingly, the Motion is **DENIED** as to this request.

### 3. RFP 86

RFP 86 asks the University to "produce any audits done or being done at, by, or of UT Law since it was discovered that the Facility Director had stolen $1.6 million in 2019." *Id.* at 25. The University states that these audits are publicly available and has provided a website address. The Court finds this response sufficient and **DENIES** the Motion as to this request.

### 4. RFP 82

RFP 82 asks the University to "produce all transcripts of any tenured law professors, including Bill Powers, who have been deposed in any gender discrimination, sex discrimination, unequal pay, or retaliation lawsuits since 2010." *Id.* at 24. The University has identified two transcripts of testimony given by Bill Powers, but contends that neither is relevant to this action "in that they do not involve the law school and, in both instances, he was deposed about his role as the President of the University—not a law school professor." *Id.* The Court agrees and **DENIES** the Motion as to this request.

### 5. Requests for Admissions

The University has denied all of Plaintiff's Second Requests for Admission. Accordingly, there is nothing to compel. Plaintiff's Motion is **DENIED** as to the Requests for Admission.

### 6. Conclusion as to Plaintiff's Second Motion to Compel

Plaintiff's Second Motion to Compel Discovery (Dkt. 44) is **GRANTED IN PART** and **DENIED IN PART**, as detailed above.

## C. Defendant's Motion for Protective Order (Dkt. 56)

On March 8, 2021, Plaintiff served a Rule 30(b)(6) Notice of Oral Deposition on the University, requesting testimony from a representative on the following topics:

1. UT Law's efforts to ensure compliance with the Equal Pay Act;

2. UT Law's efforts to ensure gender equity;

3. Any audits of UT Law;

4. Complaints of sex discrimination, unequal pay, and/or retaliation by any employees at the law school;

5. Investigation of any such complaints as listed in the above;

6. Professors Bone, McGarity, and Westbrook's employment at the law school; and

7. Any and all comparators or those similarly situated at the law school.

Under Rule 30(b)(6), a party seeking to depose an organization "must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id.* "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably

available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).  If the organization objects to any matter set forth in the deposition notice, it "bears the burden of demonstrating to the court that the notice is objectionable or insufficient" and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing. *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14-OLG, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018)

The University objects to the deposition notice on the grounds that there is no temporal limitation on the topics, and that information on male comparators is irrelevant to Plaintiff's claims. As discussed above, the Court has rejected these arguments. Plaintiff is entitled to depose a representative on the above topics limited to the time period December 12, 2013 to the present.

The University also objects to the deposition notice on the basis that Plaintiff failed to describe the seven topics "with reasonable particularity," as required under Rule 30(b)(6). Rule 30(b)(6) requires a party to specify "with reasonable particularity" the topics for an examination. This requirement is met if the notice enables an entity to adequately fulfill its obligations to choose and prepare a deponent. *Rivas v. Greyhound Lines, Inc.*, No. EP-14-CV-166-DB, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015) (quoting *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 66 (D.P.R. 1981) (finding that notices were sufficient to inform defendant "of the matters which will be inquired into at the depositions so that [defendant] can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of [plaintiff's] potential questions").

The Court finds that Plaintiff's notice specified with sufficient particularity the topics for examination at the deposition. Accordingly, the University's Motion for Protective Order is **DENIED**.

## IV. Conclusion

In summary, Plaintiff's Motion to Compel Discovery Responses (Dkt. 30) and Second Motion to Compel Discovery Responses (Dkt. 44) are **GRANTED IN PART and DENIED IN PART** as detailed above. Defendant's Motion for Protective Order Regarding Plaintiff's Notice of Oral Deposition of Defendant's Corporate Representative (Dkt. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on April 26, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE