# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LINDA SUSAN MULLENIX,  *Plaintiff*  v.  UNIVERSITY OF TEXAS AT AUSTIN,  *Defendant* | §  §  §  §  §  §  §  CIVIL NO. 1-19-CV-1203-LY-SH |

## **O R D E R**

Before the Court are Plaintiff's Motion for Leave to Exceed Deposition Limit under Rule 30, filed May 12, 2021 (Dkt. 75), and the associated response and reply briefs. The District Court referred all motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 106.

### I.   Background

On December 12, 2019, Plaintiff Linda Susan Mullenix, a tenured law professor at The University of Texas School of Law ("UT Law"), filed this employment discrimination lawsuit against The University of Texas at Austin ("University"). Plaintiff generally alleges that she has been paid less than her male counterparts because of her sex, in violation of the Equal Pay Act and Title VII of the Civil Rights Act.

Unfortunately, the parties have asked the Court to intervene in their discovery disputes several times. *See* Dkts. 30, 44, 56, 74, 100, 101, 105. In this motion, Plaintiff seeks leave to conduct more than the ten depositions permitted by Federal Rule of Civil Procedure 30.

1

## II.  Legal Standards

Under Rule 30, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)" when a party seeks to take more than 10 depositions and the parties have not so agreed and stipulated. FED. R. CIV. P. 30(a)(2)(A)(i). Rule 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(2)(C) provides, in pertinent part, that the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 30(a)(2)(A) "is intended to control discovery, with its attendant costs and potential for delay, by establishing a default limit on the number of depositions." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001); *accord United States v. Goertz*, No. A-09-CA-179 LY, 2010 WL 2900309, at *1 (W.D. Tex. July 20, 2010). Because the Rule 30 limit on depositions was intended to curb abusive discovery practices, "it stands to reason that a party wishing to conduct more than 10 depositions has the burden of persuading the court that these

additional depositions are necessary." *Talismanic Props., LLC v. Tipp City, Ohio*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017). The moving party must make a particularized showing why extra depositions are necessary. *Id.* In addition, a party who, without court permission, already has taken the maximum number of depositions permitted by Rule 30(a)(2)(A) "must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A)." *Barrow*, 202 F.R.D. at 482. "A district court has the discretion (and perhaps the obligation) to deny leave to take additional depositions when no good reason to do so has been presented." *Talismanic Props.*, 309 F. Supp. 3d at 497.

### III. Analysis

Plaintiff seeks leave to take three depositions beyond the ten depositions permitted by Rule 30. When this motion was filed, Plaintiff had taken five depositions and planned to take five more. Plaintiff has deposed UT Law Dean Ward Farnsworth, both in his individual capacity and as UT Law's designated corporate representative; UT Law Chief Business Officer Jeff Toreki; and faculty Budget Committee members Professors Jay Westbrook and Thomas McGarity. Plaintiff also plans to depose five other Budget Committee members: Professors Robert Chesney, Robert Bone, William Forbath, Lynn Baker, and Steven Goode. By her motion, Plaintiff seeks to depose an eighth Budget Committee member, Professor Angela Littwin; Sylvia Hendricks, Director of Faculty Support and Facilities at UT Law and the Administrative Assistant to Dean Farnsworth; and another corporate representative of the University.

#### A. Plaintiff's Motion Is Not Premature

Relying on case law outside the Fifth Circuit, the University first argues that Plaintiff's Motion is premature because she must exhaust the ten depositions presumptively allowed under Rule 30(a) before she seeks leave to take additional depositions. The University is correct that some courts outside the Fifth Circuit have required parties to exhaust the ten depositions permitted under

Rule 30 before filing a motion for leave. *See, e.g.*, *Osborne v. Billings Clinic*, No. CV 14-126-BLG-SPW, 2015 WL 150252, at *2 (D. Mont. Jan. 12, 2015) ("Rule 30(a)(2)(A) contemplates that a party has already taken ten depositions before filing a motion seeking leave of court for more than ten depositions. To that end, courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)."); *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008) ("Courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)."); *Mazur v. Lampert*, No. 04-61159, 2007 WL 676096, at *2 (S.D. Fla. Feb. 28, 2007) (same).[1]

While some courts outside of the Fifth Circuit have adopted an exhaustion rule, "this is by no means settled law." *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 1285359, at *3 (D. Kan. Mar. 18, 2020); *see also Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, No. 2:17-CV-01515-KJM-AC, 2018 WL 5993585, at *2 (E.D. Cal. Nov. 6, 2018) (noting that "some [courts] do not apply or adopt the exhaustion rule at all, while others deviate from it only where there is good cause, warranted by the complexity of the case"); *C & C Jewelry Mfg. v. West*, No. C09-01303 JF HRL, 2011 WL 767839, at *2 (N.D. Cal. Feb. 28, 2011) ("While some courts require a party to exhaust the 10-deposition limit before seeking to take more, that is certainly not true in every case."). Thus, "there is no *per se* rule that a party must first exhaust the initial ten depositions before seeking leave to take depositions that exceed the limit." *Nosrati v. Provident Life & Accident Ins. Co.*, No. CV 17-5159-TJH (KSX), 2020 WL 1181497, at *4 (C.D. Cal. Mar. 10, 2020). As the district court reasoned in *Lawson*:

---

[1] The University has not cited any case in which a court in the Fifth Circuit has applied the exhaustion rule.

> The court declines to categorically adopt this exhaustion rule. Nothing in the plain language of Rule 30(a) requires a party to take the first ten depositions before seeking leave to exceed that limit. The ten-deposition limit was added to Rule 30(a) to "assure judicial review under the standards stated in Rule [26(b)(1) and Rule] 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties." FED. R. CIV. P. 30(a)(2)(A) advisory committee's note to the 1993 amendment. Therefore, the undersigned believes the better practice is to allow a party to present the issue to the court once a dispute over the number of depositions is sufficiently crystalized and the parties have complied with the applicable meet-and-confer requirements. In a given case, the dispute may not be sufficiently developed until the ten-deposition limit has been exhausted. But the court sees no reason to categorically require unnecessary delay in bringing the issue to the court for resolution. The court should aim to facilitate the "just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1.

*Lawson*, 2020 WL 1285359, at *3.

Applying this reasoning here, the Court finds that the parties have reached an impasse, and the record is sufficiently developed for the Court to decide the issues presented. Accordingly, the Court does not deny Plaintiff's Motion on the basis that she did not first exhaust the ten-deposition limit under Rule 30.

**B.  Plaintiff's Burden under Rule 30**

To sustain her burden, Plaintiff must demonstrate the necessity for each deposition she already has taken or will take without leave of court in reaching the limit under Rule 30(a)(2)(A). *Barrow*, 202 F.R.D. at 482. "In other words, the party seeking leave must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity of all the depositions he has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10)." *MacKenzie v. Castro*, No. 3:15-cv-752-D, 2016 WL 3906084, at *5 (N.D. Tex. July 19, 2016). Otherwise, "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule

26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate." *Barrow*, 202 F.R.D. at 483. In addition, "the mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Goertz*, 2010 WL 2900309, at *1.

Plaintiff has failed to explain why it is necessary to depose eight different members of the Budget Committee and how the testimony adduced in those depositions would not be cumulative or duplicative. The Court finds that Plaintiff has not met her burden to demonstrate the necessity for each deposition she has taken or plans to take, and thus has failed to carry her burden under Rule 30(a)(2)(A).

Plaintiff also has failed to make a particularized showing why the extra deposition of Professor Littwin is necessary. Plaintiff argues that because Professor Littwin has been part of the Budget Committee for three years, "she has first-hand knowledge of the internal processes and deliberations surrounding Professor Mullenix's raises for a good majority of the relevant timeframe." Dkt. 75 at 5. But the mere fact that an individual "may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Goertz*, 2010 WL 2900309, at *1. Plaintiff has not shown how the other seven members of the Budget Committee being deposed—Professors Westbrook, McGarity, Chesney, Bone, Forbath, Baker, or Goode—do not likewise have this same knowledge. Thus, Plaintiff has failed to explain how Professor Littwin's testimony would not be duplicative of the testimony of the other Budget Committee members she has deposed or plans to depose.

The Court also finds that Plaintiff has failed to demonstrate the necessity of deposing Sylvia Hendricks, Dean Farnsworth's Administrative Assistant. Plaintiff contends that Hendricks' deposition "is essential because it has become readily apparent through the ongoing discovery in

this case that Ms. Hendricks' unique role within the law school makes her privy to information that no other Budget Committee members would have." Dkt. 75 at 5. Specifically, Plaintiff contends that Hendricks has knowledge of salary arrays and faculty student evaluations, and counted the secret ballots for equity adjustments raises at UT Law. While such information may be relevant to Plaintiff's claims, Plaintiff has not shown that she is unable to obtain this information through written discovery. In addition, Plaintiff has failed to show that Hendricks's testimony in her role as Administrative Assistant to Dean Farnsworth would not be duplicative of Dean Farnsworth's testimony. Nor has Plaintiff shown that Hendrick's testimony regarding salary arrays would not be duplicative of Chief Budget Officer Toreki's testimony on that subject. Accordingly, Plaintiff has failed to sustain her burden to depose Hendricks.

The Court finds, however, that Plaintiff has made a particularized showing for deposing a second University corporate representative. The parties originally agreed that Plaintiff would be permitted to take two corporate representative depositions in this case. Because of various defense motions and orders of the Court, Plaintiff was unable to schedule the second deposition. *See* Dkts. 60, 70. For example, on March 22, 2021, this Court issued an order stating that it would withhold ruling on the motions to compel discovery and the motion for a protective order until the University's motion to dismiss was resolved. Dkt. 60. As a result, Plaintiff decided to await the Court's ruling on the matter and did not take the second corporate deposition that had been scheduled previously. On April 26, 2021, the Court denied in its entirety the University's motion for a protective order regarding the corporate deposition topics. Dkt. 70 at 13. Plaintiff now asks the Court to allow the second corporate deposition to take place "for the simple reason that had Defendant not filed its motion or put forth such strong objections to the topics, these topics would have been part of the first corporate deposition scheduled." Dkt. 75 at 7.

The Court finds that this deposition would not be cumulative of any other depositions in this case. Accordingly, Plaintiff's request to depose a second corporative representative is **GRANTED**.

Based on the foregoing, Plaintiff's Motion for Leave to Exceed Deposition Limit under Rule 30 (Dkt. 30) is **GRANTED IN PART AND DENIED IN PART.** The Court **GRANTS** Plaintiff's Motion as to deposing a second corporate representative, but **DENIES** the Motion as to the depositions of Professor Angela Littwin and Sylvia Hendricks.

**SIGNED** on August 6, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE